UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANN BURTON,

                  Plaintiff,

      -against-

N.Y.S. DEPARTMENT OF LABOR; SUSAN
BORENSTEIN; JAYSON MYERS; DARLENE
HOUCH; ANGIE DOE; MS. GLOVER; VANESSA
CASTILLO, and JOAN SMITH,

                  Defendants.
------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 14 2011 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

11-CV-4274 (SLT)(LB)

**TOWNES, United States District Judge:**

    Plaintiff Ann Burton brings this *pro se* action against the New York State Department of Labor ("the DOL"); Susan Borenstein, the Executive Director of the New York State Unemployment Insurance Appeal Board ("the UIAB"); the Chief Administrative Law Judge of the UIAB; and four or five other individuals who, judging solely from their addresses, appear to be employed at the UIAB's Brooklyn or Albany, New York, offices. Plaintiff, who was awarded unemployment benefits after a hearing before the UIAB in 2010, principally alleges that defendants refused her requests for documents and ignored her claims that portions of the hearing transcript were "fraudulent." Plaintiff seeks money damages, "sanctions for defendants['] willful and unlawful misconduct," and this Court's "intervention." Plaintiff's request to proceed *in forma pauperis* is granted but, for the reasons set forth below, the complaint is dismissed.

## ***BACKGROUND***

    This is the eleventh of twelve actions that plaintiff has filed in this Court since December 23, 2010. The complaints in several of these actions allege employment discrimination and retaliation by plaintiff's former employers, including the Department for Veterans Affairs and

Silvercrest Center for Nursing and Rehabilitation ("Silvercrest"). It is unnecessary to describe all of these actions for purposes of this opinion, . However, since the complaint specifically mentions the third of the twelve actions – *Burton v. Silvercrest Center for Nursing and Rehabilitation*, E.D.N.Y. Docket Number 11-CV-1417 – this Court must discuss that action briefly.

Case number 11-CV-1417 was commenced in March 2011 and named three defendants: Silvercrest; its Vice President of Nursing Services, Marie Mitchell; and its Assistant Director of Human Resources, Darlene Weitzman. Although the complaint in that action principally alleged that Silvercrest had violated Title VII of the Civil Rights Act of 1964 by terminating plaintiff, it also alleged that Silvercrest retaliated against plaintiff for bringing a charge with the EEOC by, among other things, contesting plaintiff's entitlement to unemployment benefits before the DOL. In addition, the complaint alleged that Mitchell and Weitzman, in the course of testifying against plaintiff at the UIAB hearing in which it was ultimately determined that plaintiff was entitled to unemployment benefits, gave inconsistent testimony which slandered and defamed plaintiff. *See* Complaint in No. 11-CV-1418, at 3 and 8, ¶ 18.

In support of the allegations contained in that complaint, plaintiff attached several documents to the pleading. These documents included transcripts of a hearing commenced on August 23, 2010, and concluded on December 6, 2010, before Administrative Law Judge ("ALJ") Nicole Beason. Certificates attached to these transcripts reflect that the proceedings were tape-recorded, then transcribed months later by stenographers listening to the audio recording. According to these certificates, the August 23, 2010, proceedings were transcribed by Ben Knowlton of Ubiqus Reporting, Inc., on December 22, 2010, *see* Transcript of Aug. 23,

2010, proceedings (attached to the Complaint in No. 11-CV-1418 as Ex. 5) at 39, and the December 6, 2010, proceedings were transcribed on February 1, 2011, by Dianne Waddell of The Mechanical Secretary, Inc. *See* Transcript of Dec. 6, 2010, hearing (attached to the Complaint in No. 11-CV-1418 as Ex. 7) at 81.

### *The Instant Action*

In early September 2011, plaintiff commenced this action by filing a five-page complaint. Although the complaint is entirely handwritten, some portions appear to have been copied from a form. For example, section II of the complaint, headed "Basis for Jurisdiction," begins with a question – "What is the basis for federal court jurisdiction?" – followed by two handwritten boxes, one labeled "Federal Question" and one labeled "Diversity of Citizenship. Complaint at 3. Plaintiff checked the first of the two boxes, indicating that this Court has federal question jurisdiction. However, plaintiff did not answer the next question – "If the basis for federal jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?" – with specificity. Rather, plaintiff alleged only that she is 57 years old and black; that she "was and is engaged in 'protected activity,'" and that "Defendants retaliated" and "discriminated against plaintiff" for exercising unspecified "Constitutional Rights." Complaint at 3.

The caption of plaintiff's complaint names as defendants the New York State Department of Labor and seven individuals: Susan Borenstein, Jayson Myers, Darlene Houch, Angie Doe, Ms. Glover, Vanessa Castillo and Joan Smith. However, the first section of the complaint, which lists the parties' names, addresses and telephone numbers, names only six individual defendants, omitting any mention of Ms. Glover. Complaint at pp. 1-3. The complaint does not provide a title or employer for any of the six individuals, but gives an address and telephone number for

3

each. The address provided for four of the six individuals is 9 Bond Street, Brooklyn – the same address plaintiff provided for defendant N.Y.S. Department of Labor. *Id.* at 2. The address for defendants Darlene Houck and Angie Doe is P.O. Box 15126, Albany, New York. *Id.*

Aside from listing the defendants, their addresses and telephone numbers, the body of the complaint contains no further reference to particular defendants. Rather, the complaint ascribes four acts and omissions to "Defendants," without distinguishing between the individuals. Specifically, the complaint alleges that "Defendants" (1) "failed and refused to grant [plaintiff] access to her file, documents, records, tapes and video," which hindered her prosecution of No. 11-CV-1417; (2) "ignored plaintiff's complaints of fraudulent N.Y.S. Labor hearing transcriptions," and thereby condoned the fraud; (3) "condoned theft of documents from plaintiff's appeal file;" and (4) repeatedly denied possessing an "appeal file." *Id.* at 3-4. Plaintiff alleges that, through these acts and omissions, "Defendants retaliated against plaintiff [for] exercising her Constitutional rights in complaint 11 CV 1417" and "discriminated against plaintiff for exercising her Constitutional rights. . . ." *Id.* at 3.

Plaintiff's complaint principally seeks damages, requesting, among other things, "monetary compensation in the sum of $100,000,000 for inability to exercise her Constitutional rights in 11 CV 1417." *Id.* at 5. However, the complaint also requests that this Court impose "sanctions for defendants['] willful, unlawful misconduct to the fullest extent of the law," *id.* at 4, and "interven[e] in this relentless, senseless attack against plaintiff[']s exercise of her Constitutional Rights." *Id.* at 5.

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

4

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Title 28, Section 1915(e)(2)(B) of the United States Code, however, requires a district court to dismiss an action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998). Thus, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

In this case, it is clear that certain defendants are immune from suit for damages and monetary sanctions under the Eleventh Amendment.[1] The Eleventh Amendment of the United

---

[1] Although plaintiff does not specify the type of sanctions she seeks, this Court assumes that plaintiff is seeking monetary sanctions. This Court does not have the power to impose criminal sanctions in this civil action, or to discipline the employees of the State Department of Labor.

States Constitution precludes this Court from awarding damages against a state or state employees acting in their official capacities. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The express language of this Amendment does not prohibit a state's own citizens from maintaining an action against the state in federal court, but the Supreme Court has "extended a State's protection from suit to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). A state can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. *Id.* at 267. However, "[i]t is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

It is not entirely clear whether the DOL is properly named as a party to this action. Although plaintiff's complaint specifically names the N.Y.S. Department of Labor as a defendant, all of the individuals sued in this action appear to be employed by an independent agency: the UIAB. The December 8, 2010, Decision and Notice of Decision attached to the Complaint in No. 11-CV-1418 as Exhibit 8 was generated by the UIAB, and reflects that defendant Borenstein is the Executive Director of the UIAB and that defendant Myers is the UIAB's Chief Administrative Law Judge. Moreover, this Court will take judicial notice of the facts that the 9 Bond Street, Brooklyn, address provided for four of the individual defendants

6

named in section I of the complaint is the address of the UIAB's Executive Office and Administrative Law Judge Section in Brooklyn and that the post office box supplied as the address for the remaining two defendants named in section I of the complaint is the mailing address for the UIAB's Appeal Section Office in Albany, New York. *See* http://www.labor.ny.gov/ui-appeal/contact-the-uiab.page. Accordingly, it is unclear whether plaintiff meant to name the DOL or the UIAB as the lead defendant.

This Court notes, however, that plaintiff cannot maintain this action for monetary damages and sanctions against either defendant. Both the DOL and the UIAB are State agencies and, therefore, immune from this suit for monetary damages and sanctions. *See, e.g., Jackson v. NYS Dept. of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010) (DOL, as an agency of the State of New York, is entitled to Eleventh Amendment immunity); *Phipps v. New York State Dept. of Labor*, 53 F. Supp. 2d 551, 558 (N.D.N.Y.1999) (barring plaintiff from bringing NYSHRL claims against DOL on Eleventh Amendment grounds); *Phillips v. New York State Dept. of Labor Unemployment Ins. Appeal Bd.*, No. 11–CV–1633 (JS)(ARL), 2011 WL 2837499, at *2 (E.D.N.Y. July 12, 2011) (UIAB, as an agency of the State of New York, is immune from damages under the Eleventh Amendment).

Since claims for money damages against state employees in their official capacities are effectively claims against the state itself, such claims are also barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, to the extent any or all of the individual defendants are state employees, the Eleventh Amendment also precludes plaintiff from suing these individuals in their official capacities. Because it appears from exhibits attached to the complaint in No. 11-CV1417 that defendant Borenstein is the Executive

Director of the UIAB and that defendant Myers is the UIAB's Chief Administrative Law Judge, plaintiff's official-capacity claims against these two individuals are dismissed. However, while this Court suspects, based on the addresses provided in the complaint in this action, that the remaining individual defendants are employees of the State or one of its agencies, plaintiff's complaint does not provide the titles or employers of these individuals. Accordingly, this Court will, in an abundance of caution, grant plaintiff leave to amend her complaint to clarify the titles and/or employers of these individuals.

Moreover, while employees of the State or one of its agencies are immune from federal lawsuits seeking damages from them in their official capacities, these individual defendants may be liable in their individual capacities in an action brought under 42 U.S.C. § 1983. It is impossible to make that determination, however, without further information regarding what each individual defendant is alleged to have done or failed to do. Accordingly, plaintiff is granted leave to amend her complaint to specifically allege what action(s) or omission(s) by each individual defendant resulted in a violation of plaintiff's "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). In particular, plaintiff must state what action(s) she took in requesting "access to her file, documents, records, tapes and video," Complaint at 3; detail the responses, if any, she received from the defendants; and explain what facts led her to believe that defendants were retaliating or discriminating against her.

## *CONCLUSION*

For the reasons stated above, defendant N.Y.S. Department of Labor is immune from this suit for monetary damages and sanctions and is dismissed from this action. *See* U.S. Const.,

8

amend XI. To the extent that plaintiff is attempting to sue defendant Susan Borenstein and/or Jayson Myers in their official capacities, such official-capacity claims are also dismissed. However, this Court grants plaintiff leave to amend her complaint (1) to clarify whether the other individuals named as defendants in this action are employees of New York State or one of its agencies; (2) to specifically allege what action(s) or omission(s) by each individual defendant resulted in a violation of plaintiff's rights, privileges, or immunities secured by the Constitution or laws of the United States; (3) to explain what action(s) plaintiff took in requesting "access to her file, documents, records, tapes and video," Complaint at 3; to set forth the responses, if any, she received from the defendants to her requests; and to explain what facts led her to believe that defendants were retaliating or discriminating against her.

Plaintiff is directed to amend her complaint in the manner described above within thirty (30) days of the date of this Memorandum and Order. The amended complaint shall be entitled, "Amended Complaint," and shall bear docket number 11-CV-4274 (SLT)(LB). All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the time allowed, this Court may enter a judgment dismissing this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: November 8, 2011
Brooklyn, New York