UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANN BURTON,

                            Plaintiff,                      **MEMORANDUM AND ORDER**

     -against-

                                                                     11-CV-4274 (SLT)(LB)

N.Y.S. DEPARTMENT OF LABOR; SUSAN
BORENSTEIN; JAYSON MYERS; DARLENE
HOUCH; ANGIE DOE; MS. GLOVER; VANESSA
CASTILLO, and JOAN SMITH,

                            Defendants.
-------------------------------------------------------------------x
**TOWNES, United States District Judge:**

        On September 2, 2011, plaintiff Ann Burton commenced this *pro se* action against the New York State Department of Labor ("the DOL") and six or seven individuals (collectively, the "Individual Defendants"), principally alleging that defendants refused her requests for documents and ignored her claims that portions of the hearing transcript were "fraudulent." In a Memorandum and Order dated November 8, 2011, and filed November 14, 2011 (the "Prior M&O"), this Court dismissed plaintiff's claims against the DOL on Eleventh Amendment grounds. Moreover, since it was apparent from exhibits filed by plaintiff in another case pending before this Court that two of the Individual Defendants – Susan Borenstein and Jayson Myers – were New York State employees, this Court also dismissed plaintiff's official-capacity claims against these two defendants on Eleventh Amendment grounds.

        Although the addresses provided for the four or five other Individual Defendants suggested that these individuals were State employees, plaintiff's complaint did not expressly allege the titles or employers of these defendants. In addition, the complaint did not allege what each individual did or failed to do. In the absence of these allegations, it was impossible to

determine whether official-capacity claims could be maintained against defendants Houch, Doe, Glover Castillo and Smith or whether any of the Individual Defendants could be liable in their individual capacities in an action brought under 42 U.S.C. § 1983. Accordingly, this Court granted plaintiff 30 days' leave to amend her complaint "(1) to clarify whether the other individuals named as defendants in this action are employees of New York State or one of its agencies; (2) to specifically allege what action(s) or omission(s) by each individual defendant resulted in a violation of plaintiff's rights, privileges, or immunities secured by the Constitution or laws of the United States; (3) to explain what action(s) plaintiff took in requesting "access to her file, documents, records, tapes and video," Complaint at 3; to set forth the responses, if any, she received from the defendants to her requests; and to explain what facts led her to believe that defendants were retaliating or discriminating against her." Prior M&O at 9.

Plaintiff has not filed an amended complaint. Instead, she has filed a two-page letter dated December 6, 2011 ("Plaintiff's Letter"), in which she alleges that the Court "capriciously" dismissed the action against the DOL and the official-capacity claims against Borenstein and Myers. Plaintiff argues that because her complaint "did not mention whether any of the [defendants] were or are NYSDOL employees," this Court must have improperly "assumed" Borenstein and Myers were State employees. However, plaintiff concedes that "[o]ther [defendants] are employees," and states, "Therefore their actions are irrelevant and I submit my appeal."

In response to plaintiff's letter, this Court notes the following. First, this Court did not act "capriciously" in dismissing the DOL and the official-capacity claims against Borenstein and Myers. As this Court explained at length in the Prior M&O, New York State agencies and State

2

agency employees acting in their official capacities are immune from suits for monetary relief. *See* U.S. Const., amend. XI. Since 28 U.S.C. §1915(e)(2)(B)(iii) requires this Court to dismiss any action or claim which "seeks monetary relief against a defendant who is immune from such relief," and since plaintiff was seeking only money damages and sanctions, dismissal of the DOL was statutorily mandatory.

Second, this Court did not merely "assume" that Borenstein and Myers were State employees. While plaintiff's complaint did not expressly allege the titles or employers of these defendants, the December 8, 2010, Decision and Notice of Decision attached as Exhibit 8 to the Complaint in No. 11-CV-1418 indicated that defendant Borenstein was the Executive Director of the New York State Unemployment Insurance Appeals Board ("UIAB") and that defendant Myers was the UIAB's Chief Administrative Law Judge. After verifying these facts on UIAB's website, *see* http://www.labor.ny.gov/ui-appeal/ contact-the-uiab.page, this Court took judicial notice of these facts and dismissed the official-capacity claims against these two State employees.

In contrast, this Court could not take judicial notice of the identity of the remaining defendants, who were not identified in plaintiff's prior submissions in this or any other case and who are not mentioned on the UIAB's website. However, plaintiff's letter implies that these defendants are also State employees. Accordingly, plaintiff's official-capacity claims against these defendants are also barred by the Eleventh Amendment.

As this Court explained in the Prior M&O, the Eleventh Amendment would not preclude plaintiff from seeking to recover damages from these defendants in their individual capacity under 42 U.S.C. § 1983. For this reason, the Court granted plaintiff leave to amend her

3

complaint "to specifically allege what action(s) or omission(s) by each individual defendant resulted in a violation of plaintiff's 'rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Prior M&O at 8 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). However, plaintiff has apparently elected not to do so, stating that "their actions are irrelevant" and that she intends to appeal.

## *CONCLUSION*

For the reasons stated above, plaintiff's official-capacity claims against defendants Darlene Houch, Angie Doe, Ms. Glover, Vanessa Castillo and Joan Smith are barred by the Eleventh Amendment. Since plaintiff has elected not to amend her complaint, plaintiff's individual-capacity claims against all of the individual defendants are dismissed for failure to state a claim and for failure to comply with this Court's Memorandum and Order dated November 8, 2011. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

S/SANDRA L. TOWNES
SANDRA L. TOWNES
United States District Judge

Dated: December 22, 2011
       Brooklyn, New York